UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CHRISTOPHER GUNN,

      *Plaintiff*,

– against –

OLATOKUNBO OLANIYAN; ELIZABETH GEDDES; MARIA CRUZ MELENDEZ; ESTEL GARCIA; LARRY McGEE; TYLEA MARTIN; GREGORY LEVI STUBB; DAINTEZ JACKSON; THE CHICAGO SUN-TIMES; NADIA SHIHATA; MERCEDES AQUINO; THE OCOV,

      *Defendants*.

**MEMORANDUM & ORDER**
24-cv-04065 (NCM)(PK)

---

**NATASHA C. MERLE**, United States District Judge:

 *Pro se* plaintiff Christopher Gunn filed this complaint pursuant to 42 U.S.C. § 1983 alleging that defendants, a group of Assistant United States Attorneys ("AUSAs") and private parties, have violated his constitutional rights. *See generally* Compl. ECF No. 1. The Court grants plaintiff's request to proceed *in forma pauperis* ("IFP"). IFP Appl., ECF No. 2. For the reasons stated below, the complaint is dismissed for failure to state a claim upon which relief may be granted.

### BACKGROUND

 Plaintiff alleges that his constitutional rights have been violated by defendants, and his allegations appear to stem from his arrest for violation of transmission of threats to injure under 18 U.S.C. § 875. *See United States v. Gunn*, No.22-cr-00314 (E.D.N.Y 2022). As best as can be ascertained, plaintiff was arrested for making threats to prosecutors involved with the criminal case of singer R. Kelly. *See* Compl. at 6, 10. Plaintiff alleges that AUSAs Elizabeth Geddes, Maria Cruz Melendez, Nadia Shihata, and Olatokunbo

1

Olaniyan (collectively, the "AUSA Defendants") "stage[d] an overlapping scheme to emblazoning [sic] the public conscience minds against me." Compl. at 6–7. Plaintiff further alleges that Estel Garcia, Larry McGee, Tylea Martin, Gregory Levi Stubbs, Daintez Jackson, Mercedes Aquino, The OCOV, and The Chicago Sun-Times "capitalized" on him and sought to "embarrass, harass, defame [his] character, and demolish [his] safety and security." Compl at 7. Finally, plaintiff asserts that "false complaints" by defendant Aquino caused him to be arrested. Compl. at 7. Plaintiff seeks monetary damages.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all factual allegations contained in the complaint are assumed to be true, this rule does not apply "to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

Courts are required to give special consideration to *pro se* litigants, those individuals who are not attorneys and are representing themselves in court. This means that they are not expected to meet the same standards required for formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In giving *pro se* complaints special consideration, the Court must look for the strongest arguments in the complaint. *Id.*; *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191-93 (2d Cir. 2008). Nevertheless, a district court shall dismiss an *in forma pauperis* action where it is

satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). If the Court finds any possibility that "a valid claim might be stated," the Court should give the *pro se* plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000). Where amendment would be "futile," an amended complaint should be denied. *Id.*

## DISCUSSION

### I. Plaintiff's Claims Against AUSA Defendants

Plaintiff's claims against the AUSA Defendants are liberally construed to assert action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). To state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (*citing Bivens*, 403 U.S. at 389).

However, absolute immunity bars claims against government attorneys regarding their actions in carrying out their prosecutorial functions. *See, e.g., Daniels v. United States*, No. 22-cv-01011, 2023 WL 4420116, at *3 (E.D.N.Y. July 10, 2023). Here, plaintiff appears to raise claims against the AUSA Defendants due to their prosecution of R. Kelly and alleged involvement in the subsequent prosecution of plaintiff. Compl. at 6–7, 10. Plaintiff fails to allege any facts to support his allegation of prosecutorial misconduct, let alone facts that would suggest that absolute immunity would not apply to the AUSA Defendants for their prosecution of R. Kelly or plaintiff.

3

Thus, the Court dismisses plaintiff's claims against the AUSA Defendants as barred by absolute immunity.

## II. Plaintiff's Claims Against Remaining Defendants

Plaintiff's claims against the remaining defendants are similarly without merit. A claim under 42 U.S.C. § 1983 provides for relief against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right secured by the Constitution or laws of the United States, and (2) that they did so under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015) (internal quotations omitted). For private parties, "conduct, no matter how discriminatory or wrongful" is generally beyond the reach of § 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *cf. Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) ("A private actor may be liable under § 1983 only if there is a sufficiently close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.").

Here, the remaining defendants are not alleged to be state actors or acting under the color of state law. Rather, the remaining defendants appear to be the Chicago Sun-Times, a private newspaper, and private individuals who plaintiff alleges "capitalized" on him and sought to, among other things, "embarrass" him. Compl at 7. Because the plaintiff has not alleged the private defendants acted under color of state law, plaintiff does not plausibly allege facts against them, and those claims are thus dismissed.

## CONCLUSION

For the reasons stated above, the Court dismisses plaintiff's complaint as barred by absolute immunity and failing to state a plausible claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court considers but declines to grant plaintiff leave to amend, finding that amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment, close the case, mail a copy of this Memorandum and Order to the plaintiff, and note the mailing on the docket.

**SO ORDERED.**

                                                  */s/ Natasha C. Merle*
                                                  NATASHA C. MERLE
                                                  United States District Judge

Dated:       July 29, 2024
               Brooklyn, New York